**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **KURT A. A. VANDIEST**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 07-0046 (EGS)** |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR AN OPEN AMERICA STAY OF THE PROCEEDINGS

Defendant, the Department of Homeland Security ("defendant" or "the Agency"), respectfully contends, pursuant to Rule 12(b)(1), Fed. R. Civ. P., that the Court lacks subject matter jurisdiction over plaintiff's complaint. In the alternative, defendant respectfully moves, pursuant to Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976), for a stay of the proceedings in this matter pending the processing of the FOIA request at issue. In support of this motion, defendant relies upon the Declaration of Brian J. Welsh, the Assistant Center Director in the Freedom of Information and Privacy Acts (FOIA/PA) Unit, National Records Center ("NRC"), United States Citizenship and Immigration Services (USCIS), within the Department of Homeland Security, with attached exhibits. That declaration is being filed contemporaneously with this motion. Also accompanying this motion is a memorandum of law in support of this motion as well as a proposed order.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT



Agency Counsel:
Eric Banks
United States Department of
Homeland Security
U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, N.W.
Suite 4025
Washington, DC 20529

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KURT A. A. VANDIEST**,         ) | |
|         ) | |
|       Plaintiff,    ) | |
|         ) | |
| v.         ) | **Civil Action No.: 07-0046 (EGS)** |
|         ) | |
| **DEPARTMENT OF HOMELAND**   ) | |
| **SECURITY**,         ) | |
|         ) | |
|      Defendant.   ) | |
|         ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION, OR IN THE ALTERNATIVE, FOR AN OPEN AMERICA STAY OF
THE PROCEEDINGS**

Defendant, the Department of Homeland Security ("defendant" or "the Agency"),

respectfully suggests, pursuant to Rule 12(h)(3), Fed. R. Civ. P., that the Court lacks subject

matter jurisdiction over plaintiff's complaint.  In the alternative, defendant respectfully moves,

pursuant to Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir.

1976), for a stay of the proceedings in this matter pending the processing of the FOIA request at

issue.

First, Mr. Vandiest lacks standing to pursue this case because he never actually made a

request for documents under the Freedom of Information Act ("FOIA").  Instead, his counsel

requested those documents in his own name, but failed to file suit in his own name.  Because the

named plaintiff lacks standing, this Court does not have subject matter jurisdiction over this case

and it should be dismissed.  Fed. R. Civ. P. 12(b)(1).

Alternatively, the Court should stay the proceedings, pursuant to Open America v.

Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976), pending the processing of

the FOIA request at issue.

## FACTUAL BACKGROUND

In a FOIA request dated August 30, 2006, Mr. Michael E. Piston, the attorney of record for the Plaintiff in this lawsuit, sought "All documents pertaining to the refusal of the Department of Homeland Security to admit Kurt Vandiest at the U.S. Port of Entry at Chicago, Illinois on May 23, 2004."  Exhibit 1, G-639, Freedom of Information/Privacy Act Request.  In a letter dated October 3, 2006, the Agency responded that it had received Mr. Piston's request and that it would be responded to based on a "first-in, first-out basis . . . ."  Exhibit 2, Letter to Michael Piston dated October 3, 2006.  Mr. Piston was also informed that the Agency utilizes a "multi-track system" and, pursuant to this system, his request was placed on the "complex track."  Id.

On January 8, 2007, Mr. Kurt A.A. Vandiest filed his complaint for declaratory and injunctive relief in this Court.  ("Compl.").  In his complaint, Mr. Vandiest asserts that he "was refused admission to the United States as a visitor at the U.S. Port of Entry at Chicago, Illinois by a representative of the Department of Homeland Security."  Compl. ¶ 5.  The complaint further states that "[o]n approximately October 3, 2006, plaintiff filed a request under the Freedom of Information Act with the DHS's National Records Center . . . requesting the production of all documents pertaining to the refusal of the Department of Homeland Security to admit Kurt Vandiest into the United States at the U.S. Port of Entry at Chicago, Illinois, on May 23, 2004."  Id. ¶ 9.  Plaintiff  has not received any response to his request.  Id. ¶ 10.

## ARGUMENT

### I.    STANDARD OF REVIEW

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Dismissal is proper because the Court lacks subject-matter jurisdiction over Plaintiff's claim because Plaintiff did not submit the records at issue in this case.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  In addition, when determining whether jurisdiction is proper, the Court is at liberty to look beyond the pleadings without converting the motion into one for summary judgment.  See Haase v. Sessions, 835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment").

### II.    THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF LACKS STANDING TO BRING THIS ACTION.

As a threshold matter, this case should be dismissed because the Court lacks subject matter jurisdiction.  Plaintiffs seeking to invoke a federal court's jurisdiction must satisfy the case or controversy requirements of Article III of the Constitution.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  In this case, however, there is no case or controversy because the named plaintiff lacks standing.  Unigard Ins. Co. v. Department of Treasury, 997 F.

3

Supp. 1339, 1342 (S.D. Cal. 1997) (dismissing FOIA case for lack of subject matter jurisdiction

because named plaintiff was not the FOIA requester); <u>Maxxam, Inc. v. FDIC</u>, No. Civ.A. 98-

0989, 1999 WL 33912624, at *2 (D.D.C. Jan. 29, 1999) (Sullivan, J.) (holding that plaintiff

lacked standing because plaintiff's attorney was the real party in interest when the FOIA request

was made in attorney's, not plaintiff's, name).

　　　　Plaintiff lacks standing because the FOIA request at issue in this case was not made by

him.  That request was made by his counsel, Michael Piston, in his own name.  Exhibit 2, G-639

Freedom of Information/Privacy Act Request submitted by Michael E. Piston.  In his FOIA

request, nowhere does Mr. Piston indicate that he is making the request on Mr. Vandiest's

behalf.  Instead, Mr. Piston is listed as the requester, while Mr. Vandiest's name is included in

the request only to indicate that he gives consent to release of the information about him.  <u>Id.</u>

Given these facts, the agency treated Mr. Piston as the requester.  <u>See</u> Exhibit 2 (letter addressed

to Mr. Piston stating that the FOIA office had received "<u>your</u> FOIA request for information

relating to your client, Vandiest, Kurt Armand Annie on October 3, 2006.") (emphasis added).

Thus, while Mr. Piston may have indicated that he was filing his request for information

concerning his client, at no time was Mr. Vandiest identified as the actual requester of the

documents.

　　　　It is clear that dismissal is proper when the named Plaintiff, here Mr. Vandiest, was not

the FOIA requestor.  In <u>Maxxam</u>, this Court concluded that:

> '[A] person whose name does not appear on a request for records
> has not made a formal request within the meaning of the statute.
> Such a person, regardless of his or her personal interest in disclosure
> of the requested documents, has no right to receive either the
> documents, . . . or notice of an agency's decision to withhold the
> documents . . . Accordingly, a person like [Maxxam, Inc.] whose

4

> name does not appear on a FOIA request for records may not sue in
> district court . . . because [it] has not administratively asserted a right to
> receive them in the first place.'

Maxxam, 1999 WL 33912624, at *2 (citations omitted).  This case is exactly like Maxxam. The

FOIA request at issue in this case was not made by the Plaintiff, Mr. Kurt A.A. Vandiest, but

instead by his counsel, Michael E. Piston, in his own name.  This Court concluded in Maxxam

that "only plaintiff's attorney had standing to bring this suit when defendant failed to comply

within the statutory time limits.  Therefore, plaintiff's attorney, but not plaintiff, is the real party-

in-interest to this suit."  Id.

Under these circumstances, the proper plaintiff is Mr. Piston, not Mr. Vandiest.  Because

Mr. Vandiest did not make the request for documents, he lacks standing to sue under FOIA  Id.;

accord McDonnell v. United States, 4 F.3d 1227, 1236-38 (3d Cir. 1993) (holding that a person

who did not make FOIA request cannot bring suit under FOIA); Unigard Ins. Co., 997 F. Supp.

at 1342 (holding that an attorney's client lacked standing to appeal under FOIA where the

attorney had made the request individually without indicating that the request was made on

behalf of his client); see Lamb v. Internal Revenue Serv., 871 F. Supp. 301, 303 (E.D. Mich.

1994) (dismissing wife as a plaintiff where only her husband signed a FOIA request); Constangy,

Brooks & Smith v. NLRB, 851 F.2d 839, 840 n.2 (6th Cir. 1988) (attorney who requested

documents on behalf of client was proper plaintiff in FOIA suit).

This general rule is not altered because Mr. Piston mentions Mr. Vandiest's name in his

FOIA request; mentioning his name was the only way he could have described the documents he

sought; namely, those related to his client.  It is also legally irrelevant whether the Agency knew,

or had reason to know, that Mr. Vandiest also had an interest in the subject matter of Mr.

5

Piston's request.  Unigard, 997 F. Supp. at 1342 ("It is . . . irrelevant that ATF agents in Utah

knew that [the attorney] represent[ed] [his client when he submitted his FOIA request].");  Lamb,

871 F. Supp. at 303 (dismissing wife from FOIA appeal despite her involvement in litigation for

which the documents had been sought under FOIA).

The law is specific on this point and has been narrowly interpreted by the courts to avoid

an avalanche of suits brought by people who share an interest in a subject of another party's

FOIA request but who had not pursued the administrative remedies available under FOIA.

Plaintiff bears the burden of establishing that jurisdiction is proper.  See, e.g., KVOS, Inc. v.

Associated Press, 299 U.S. 269 (1936).  Plaintiff cannot bear that burden because he lacks

standing.  Accordingly, the Court should dismiss this case because subject matter jurisdiction

does not exist.[1]

## II.    ALTERNATIVELY, THIS COURT SHOULD STAY THIS MATTER TO PERMIT THE AGENCY TO PROCESS PLAINTIFF'S REQUEST.

Alternatively, if this Court deems that dismissal is not proper, this matter should be

stayed to permit processing of Plaintiff's FOIA request.  In certain circumstances, FOIA

authorizes a stay of judicial proceedings to allow an agency time to complete its record review.

This provision of FOIA states:

> If the Government can show exceptional circumstances exist
> and that the agency is exercising due diligence in responding to
> the request, the court may retain jurisdiction and allow the agency
> additional time to complete its review of the records.

---

[1]  Pursuant to Fed. R. Civ. P. 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the cause of action."  See Unigard, 997 F. Supp. at 1342 (applying Fed. R. Civ. P. 12(h)(3) in FOIA case brought by plaintiff who was not the requester).

5 U.S.C. § 552(a)(6)(C)(i).

In <u>Open America  v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976), involving a FOIA request directed to the FBI, the court held that a stay was appropriate under § 552(a)(6)(C) when an agency is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it "is exercising due diligence" in processing the requests.  <u>Open America</u>, 547 F.2d at 616 (quoting 5 U.S.C. § 552(a)(6)(C)).  The Court observed that "[t]he good faith effort and due diligence of the agency to comply with all lawful demands under the [FOIA] in as short a time as is possible by assigning all requests on a first-in, first-out basis, except those where exceptional need or urgency is shown, is compliance with the Act."  <u>Id</u>.  <u>See also</u> <u>Kuffel v. United States Bureau of Prisons</u>, 882 F. Supp. 1116, 1127 (D.D.C. 1995) (noting that courts "have interpreted [section (a)(6)(C)] as excusing any delays encountered in responding to a request as long as the agencies are making a good faith effort and exercising due diligence in processing the requests on a first-in first-out basis.") (citations omitted).

The circumstances of this case justify the grant of a stay in accordance with the <u>Open America</u> case.  As set forth in the Declaration of Brian J. Welsh, the Assistant Center Director in the Freedom of Information and Privacy Acts (FOIA/PA) Unit, National Records Center ("NRC"), United States Citizenship and Immigration Services (USCIS), within the Department of Homeland Security ("Welsh Decl.) (attached as Exhibit 3), the USCIS/NRC processes FOIA requests "on a first-in, first-out basis."  Welsh Decl. ¶ 5.  Furthermore, the Agency provides for "expedited processing of requests under given circumstances," and has "a multi-track system of

7

processing" that permits the Agency to continue to process requests on a "first-in, first-out basis within each track, but also permits the USCIS to respond to relatively simple requests more quickly than requests involving complex and/or voluminous records." Id. The NRC employs a staff of 79 employees who process an average of 6,800 requests per month. Id. ¶ 6.

The FOIA request submitted by Plaintiff's attorney was received by NRC on September 21, 2006. Id. ¶ 8. Plaintiff's attorney did not request expedited treatment of his request. Id. On October 3, 2006, in accordance with its normal operating procedures, NRC sent Plaintiff's attorney an acknowledgment letter and informed Plaintiff's attorney that his request was being assigned to the complex track and would be responded to using the Agency's "first-in, first-out basis." Exhibit 2. On the same date, NRC determined that Plaintiff's file was at the NRC and the file was requested. Welsh Decl. ¶ 10. Currently, Plaintiff's request is number 21,385 in the queue of 42,357 pending requests assigned to the complex track. Id. Based on the number of requests ahead of Plaintiff's request, the NRC estimates that it will likely be able to process and produce non-exempt responsive documents to Plaintiff within approximately eight months. Id. ¶ 11.

The above circumstances, and as more fully set forth in Mr. Welch's affidavit, warrant the Court's grant of a stay of eight months to process Plaintiff's request. Here, while the Agency has requested a stay of eight months, this length of time is justified by the excessive number of requests with which the Agency has been deluged. As Mr. Welsh's declaration sets forth, as of January 31, 2007, the NRC had 101,283 pending FOIA Requests. (Welsh Decl. ¶ 6). NRC continues to process its requests on a first-in, first-out basis, and is processing Plaintiff's request in accordance with its departmental regulations, policies, and the applicable law. (Id. ¶ 12). The

8

agency has demonstrated due diligence, good faith, and a commitment to processing its FOIA

requests and appeals in a timely manner.  Accordingly, Defendant has shown that it has met the

test of Open America and the requirements of the FOIA, and Defendant should be granted a stay

until November 19, 2007, to complete the processing of Plaintiff's FOIA request.  See Kuffel,

882 at 1127 ("Exceptional circumstances exist when an agency 'is deluged with a volume of

requests for information vastly in excess of that anticipated by Congress, [and] when the existing

resources are inadequate to deal with the volume of such requests within the time limits' of

FOIA.") (quoting Open America, 547 F.2d at 616). [2]

<div style="margin-left: 40%">

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

  /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212

</div>

---

[2]   Even if the Court were to find that the Agency has not demonstrated the required due diligence, the Court nonetheless has the power to, and should, grant the agency additional time to process Plaintiff's request.  As Judge Leventhal stated in Open America, concurring in the result, "there certainly is some room for a court in equity to stay its hand, and to forbear from enforcing a declared right in cases where the defendant is called upon to do the impossible."  Open America, 547 F.2d at 620.  See also Cohen v. Fed. Bureau of Investigation, 831 F.Supp. 850, 853 (S.D. Fla. 1993); Califano v. Wampler, 588 F.Supp. 1392, 1394-95 (N.D. Ill. 1984) (because no reasonable remedy exists to address violations of the limited response period provided in the act, the court "can only direct that defendants continue to work diligently and expeditiously in a good faith manner to respond to plaintiff's request.").

Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Agency Counsel:
Eric Banks
United States Department of
Homeland Security
U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, N.W.
Suite 4025
Washington, DC 20529

# EXHIBIT 1

*NRC 0626 4562104 Req*

*CS*
*9-21-06*

OMB No. 1653-0030; Expires 09/30/05

**Department of Homeland Security**
**U.S. Citizenship and Immigration Services**

## G-639, Freedom of Information/
## Privacy Act Request

**NOTE:** The completion of this form is optional. Any written format for Freedom of Information or Privacy Act requests is acceptable.

**START HERE - Please type or print in black ink. Read instructions before completing this form.**

**1. Type of Request:** *(Check appropriate box.)*

☑ Freedom of Information Act (FOIA). *(Complete all items except Number 6.)*
☐ Privacy Act (PA). *(Number 6 must be completed in addition to all other applicable items.)*
☐ Amendment. *(PA only. Number 5 must be completed in addition to all other applicable items.)*

**2. Requester Information.**

| Name of Requester: (Last, First and Middle Names)<br>Piston, Michael E. | Date (mm/dd/yyyy)<br>08/30/2006 | Daytime Telephone:<br>( 248 ) 680 0800 |
|---|---|---|
| Address *(Street Number and Name)* 4000 Livernois | | Apt. Number: Suite 110 |
| City: Troy | State: Michigan | Zip Code: 48098 |

*By my signature, I consent to the following:*
Pay all costs incurred for search, duplication and review of materials up to $25.00, when applicable. *(See Instructions.)*

*Signature of requester:* _____

☐ Deceased Subject - Proof of death must be attached. *(Obituary, Death Certificate or other proof of death required.)*

**3. Consent to Release Information.** *(Complete if name is different from Requester.) (Numbers 7 and 8 must be completed.)*

| Print Name of Person Giving Consent:<br>Kurt VANDIEST | Signature of Person Giving Consent: *(Original signature required.)* |
|---|---|

*By my signature, I consent to the following: (Check applicable boxes.)*

☐ Allow the Requester named in Number 2 above: ☑ All of my records, or ☐ A portion of my records. *(If a portion, specify what part, i.e. copy of application.)*

*(Consent is required for records of U. S. citizens (USC) and Lawful Permanent Residents (LPR).*

**4. Information needed to search for record(s).**

Specific information, document(s) or record(s) desired: *(Identify by name, date, subject matter and location of information.)*
All documents pertaining to the refusal of the Department of Homeland Security to admit Kurt Vandiest at the U.S. Port of Entry at Chicago, Illinois on May 23, 2004.

**Purpose:** *(Optional: You are not required to state the purpose of your request. However, doing so may assist USCIS to locate the records needed to respond to your request.)*

**5. Data Needed on Subject of Record.** *(If data marked with an asterisk (*) is not provided, records may not be located.)*

| * Family Name:<br>VANDIEST | Given Name:<br>Kurt | Middle Name:<br>Armand Annie |
|---|---|---|
| * Other names used, if any:<br>N/A | * Name at time of entry into the U.S.:<br>Kurt Vandiest | I-94 Admissions #: |
| * Alien Registration Number:<br>N/A | * Petition or Claim Receipt #:<br>N/A | * Country of Birth:<br>Belgium | * Date of Birth (mm/dd/yyyy)<br>10/08/1962 |

| Names of other family members that may appear on requested record(s) *(i.e., Spouse, Daughter, Son)*: | | | |
|---|---|---|---|
| Father's Name　First | | Middle | Last |
| Mother's Name　First | | Middle | Last (Include Maiden Name) |

| Country of Origin: *(Place of Departure)*<br>Belgium | Port-of-Entry Into the U.S.:<br>Chicago, Illinois | | Date of Entry:<br>May 23, 2004 |
| Manner of Entry: *(Air, Sea, Land)*<br>Air | Mode of Travel: *(Name of Carrier)*<br>Don't recall | | U.S. Social Security Number:<br>N/A |
| Name on Naturalization Certificate:<br>N/A | | Certificate #:<br>N/A | Naturalization Date:<br>N/A |
| Address on Date of Naturalization:<br>N/A | | Court and Location:<br>N/A | |

**6. Verification of Subject's Identity:** *(See Instructions for explanation. Check one box.)*

☐   In-Person With ID          ☐   Notarized Affidavit of Identity          ☐   Other *(Specify)* _____

**7. Signature of Subject of Record:**

*(Original signature required)*  _____          Date: _____

Telephone No.: ( ___ ) _____

**8. Notary:** *(Normally needed from persons who are the subject of the record sought or for a sworn declaration under penalty of perjury. See below.)*

Subscribed and sworn to before me this _____ Day of _____ in the Year _____

Signature of Notary _____          My Commission Expires on_____

<div align="center">**OR**</div>

**NOTE:** *If a declaration is provided in lieu of a notarized signature, it must state at a minimum the following: (Include Notary Seal or Stamp in the appropriate space below.)*

**Executed outside U.S.**

If executed outside the United States: "I declare (certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____

SEPTEMBER 4, 2006
KURT VANDIERO

**Executed in U.S.**

If executed within the United States, its territories, possessions or commonwealths: "I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Signature: _____

**(Seal/Stamp)**                    **(Seal/Stamp)**

Form G-639 (Rev. 06/24/05)N (Prior editions may be used until 12/31/05

## AUTHORIZATION IN CONNECTION WITH FOIA REQUEST

I AM KURT VANDIEST. I CONSENT TO THE DEPARTMENT OF STATE'S

RELEASE TO MICHAEL E. PISTON OF ANY DOCUMENT PERTAINING TO ME

IN ITS RECORDS.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE

UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

_____          SEPTEMBER 4, 2006
KURT VANDIEST                    DATED: _____

ASE PRESS FIRI

2010 MAILED FROM TROY, MI
2285 SEP 15 06 48098

PRIORITY
MAIL

www.usps.com

SEP 1 8 2006

**From:**

**MICHAEL E. PISTON, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
4000 Livernois Road, Suite 110
Troy, Michigan 48098

National Records Center
FOIA Division
P.O. Box 648010
Lees Summit, MO   64064-8010

▲ Complete address information or place label here ▲

## *The convenient Flat Rate Envelope.*
One low price for fast delivery anywhere in the U.S., regardless of weight,
destination or type of mailable material enclosed. Domestic use only.

*We Deliver.*

IPLETE ADDRESS AREA
or print return address and
ssee information
signated area
label.

IENT METHOD
postage or meter strip to area
ted in upper right hand corner.

ICH LABEL (Optional)
ove label backing and
in designated location.

your Priority Mail package to
t office, present it to your letter carrier,
1-800-222-1811 for pick up service,
bed mail may be deposited in a
tion box ONLY if it weighs less
16 ounces.

# EXHIBIT 2



**U.S. Citizenship
and Immigration
Services**

October 3, 2006

**NRC2006077544**

Michael E. Piston
Attorney at Law
4000 Livernois, Suite 110
Troy, MI 48098

Dear Michael E. Piston:

We received your request for information relating to your client, Vandiest, Kurt Armand Annie on October 3, 2006.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. 552). It has been assigned the following control number: NRC2006077544. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this system we consider each request according to the complexity and volume so that requesters with a simple and quick response do not wait for extended periods of time while we review complex voluminous requests. Because of the nature of your request we have placed your request on the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document(s), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for use on your personal computer. This option is an alternative to paper copies. The CD is readable on all computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. **Attorneys automatically receive CDs, unless they contact us to request paper copies. Once an attorney has requested paper copies, all future responsive records will be provided via paper – there is no need to call again.** For individuals (i.e. non-attorneys) please call our office at (816) 350-5570 to order your record on CD. Once you request your records on either CD or paper, all future records will be furnished in the format you have requested.

If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at (816) 350-5570, or fax any FOIA/PA related correspondence to (816) 350-5785. If you have questions concerning the status of a pending Application or Petition or any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5285. The National Records Center cannot assist you concerning any pending Applications or Petitions or any other type of immigration matter.

Sincerely,

T. Diane Cejka
Director

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KURT A. A. VANDIEST | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  07-0046 (EGS) |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY | ) | |
| Washington, D.C.  20528 | ) | |
| (202) 282-8495 | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF BRIAN J. WELSH

I, BRIAN J. WELSH, hereby declare:

1.  I am the Assistant Center Director, in the Freedom of Information and Privacy Acts (FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and Immigration Services (USCIS), within the Department of Homeland Security (DHS), in Lee's Summit, Missouri.  I have held this position of Assistant Center Director since February 21, 2006.  Prior to the formation of the DHS, this office was a component of the Immigration and Naturalization Service (INS), within the Department of Justice (DOJ). After the INS ceased to exist in March 2003, FOIA/PA became part of Immigration and Customs Enforcement (ICE) within the DHS.  In October 2003, FOIA/PA became part of United States Citizenship and Immigration Services (USCIS) within the DHS.

2.  Through the exercise of my official duties, I am generally familiar with Plaintiff's civil action.  I make the following statements based upon my personal knowledge, upon information made available to me in my official capacity, and upon the advice and counsel of the USCIS Office of Chief Counsel.

3.  This Declaration is submitted in support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, for An Open America Stay of the Proceedings in the above-captioned matter, and describes the exceptional circumstances that precipitated delay in responding to Plaintiff's FOIA request as well as the due diligence being exercised by the NRC to mitigate the length of delays.

### STANDARD FOIA OPERATING PROCEDURES

4.  The NRC routinely and consistently processes FOIA requests in compliance with DHS implementing regulations found at 6 CFR Part 5 and Management Directive No. 0460.1: a) After determining the nature, scope, and contours of a valid FOIA request, a preliminary search is conducted to locate potentially responsive records; b) since FOIA requests are generally processed by the NRC on a first-in/first-out basis, the request is logged in the order of its receipt, into a computerized case tracking and retrieval system which automatically assigns a control number and tracks the file created; c) an acknowledgement letter is contemporaneously mailed to the requester, advising of the control number, processing fee arrangement, estimated time of response, processing options, and contact information, and addressing any collateral requests made by requester; d) during any abeyance in processing, periodic system inquiries are conducted to maintain updated information concerning the disposition of agency records that are subject to the pending FOIA request; e) if relevant records are in the possession of an office or agency other than the responding office, a request for the production of the records is sent to the records' custodian(s) at that time; f) during the course of processing, the FOIA request and any responsive records are subjected to rigorous analyses to arrive at the proper final agency determination; and finally; g) the NRC sends its response to the requester, granting or denying, in whole or part, access to requested records, and advising of any additional rights that may have vested in the requester by virtue of the final response.

5.  In an effort to process FOIA requests in a manner designed to be fair and expeditious, the USCIS has adopted a policy of processing such requests, and any backlog, on a first-in/first-out basis. This process is further enhanced by the implementation of a regulation providing for expedited processing of requests under given circumstances, and the adoption of a multi-track system of processing which not only allows the agency to process requests on a first-in/first-out basis within each track, but also permits the USCIS to respond to relatively simple requests more quickly than requests involving complex and/or voluminous records. The NRC's first-in/ first-out and multi-track processing is consistent with the requirements set forth in <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976).

<u>6.</u>  As of January 31, 2007, the NRC had 101,283 pending FOIA requests. Of those pending FOIA requests, 54,268 were assigned to the simple track and 47,015 were assigned to the complex/voluminous track. The NRC processes on average 6,800 cases per month with a staff of 79.

## FACTS REGARDING KURT A. A. VANDIEST

7. Plaintiff's attorney, Michael E. Piston, submitted a FOIA request to the National Records Center (NRC), Lee's Summit, Missouri, for: "All documents pertaining to the refusal of the Department of Homeland Security to admit Kurt Vandiest at the U.S. Port of Entry at Chicago, Illinois on May 23, 2004."

8. On September 21, 2006, the FOIA request was received at the NRC. Expedited treatment of this FOIA request was not requested.

9. On October 3, 2006, in accordance with its normal operation procedures, the NRC acknowledged receipt of the FOIA request with an acknowledgment letter in which it advised Plaintiff' attorney that requests are processed in the order of their receipt and that the request was assigned control number NRC2006077544. *See October 3, 2006, letter, attached hereto as Exhibit A.*

10. On October 3, 2006, the NRC made a general inquiry for Plaintiff's file and determined that the file was at the NRC. The file was requested on October 3, 2006 and was scanned into the instant case on November 6, 2006.

11. Plaintiff's FOIA request is currently number 21,385 in the queue of 42,357 pending requests assigned to the complex track. Based on the number of requests ahead of Plaintiff's request, the NRC estimates that it will likely process and produce non-exempt responsive documents to Plaintiff within approximately eight months.

12. Notwithstanding the large backload of pending FOIA requests, Plaintiff's FOIA request has been processed in accordance with Title 28, Part 16 of the Code of Federal Regulations (C.F.R.) and Title 6 C.F.R. Part 5.5, which provides that requests are responded to according to their order of receipt on a first-in-/first-out basis. Defendant, DHS makes every effort to process FOIA requests in a manner designed to be both fair and expeditious. To this end, Plaintiff's FOIA request is being processed by the NRC on a first-in/first out basis within the complex track in full compliance with departmental regulations, policy and the law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2007.

Brian J. Welsh
Assistant Center Director
Freedom of Information Act & Privacy Act

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KURT A. A. VANDIEST**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **Civil Action No.: 07-0046 (EGS)** |
| | ) |
| **DEPARTMENT OF HOMELAND SECURITY**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## <u>ORDER</u>

This matter having come before this Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, it is hereby

**ORDERED** that Defendant's motion is **GRANTED**.  It is further

**ORDERED** that Plaintiff's complaint is dismissed with prejudice.


**SO ORDERED** this _____ day of _____, 200__.


_____
EMMET G. SULLIVAN
United States District Court Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **KURT A. A. VANDIEST**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 07-0046 (EGS)** |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

This matter having come before this Court on Defendant's Motion for an <u>Open America</u> stay of the proceedings, it is hereby

**ORDERED** that Defendant's motion is **GRANTED**.  It is further

**ORDERED** that this matter is hereby stayed until November 19, 2007.


**SO ORDERED** this _____ day of _____, 200__.


_____
EMMET G. SULLIVAN
United States District Court Judge